# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | ) ) | Case No. 23-10253 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 25-50239-KBO |
| | ) | |
| MULTI PACKAGING SOLUTIONS INTERNATIONAL LIMITED, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Defendant Multi Packaging Solutions International Limited ("<u>Defendant</u>"), by and through its undersigned attorneys, as for its answer and affirmative defenses to the Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "<u>Complaint</u>"), filed by George Miller in his capacity as Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC (the "<u>Trustee</u>" or "<u>Plaintiff</u>"), answers and avers as follows:

## NATURE OF ACTION

1. Paragraph 1 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 1 contains any averment of fact, Defendant

---

[1] The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5606 CenterPoint Court, Gurnee, IL, 60031.

1

denies the allegations in paragraph 1 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Paragraph 2 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 2 contains any averment of fact, Defendant denies the allegations in paragraph 2 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 3 contains any averment of fact, Defendant denies the allegations in paragraph 3 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Paragraph 4 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 4 contains any averment of fact, Defendant denies the allegations in paragraph 4 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Paragraph 5 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 5 contains any averment of fact, Defendant denies the allegations in paragraph 5 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Paragraph 6 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 6 contains any averment of fact, Defendant denies the allegations in paragraph 6 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Paragraph 7 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 7 contains any averment of fact, Defendant denies the allegations in paragraph 7 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Paragraph 8 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 8 contains any averment of fact, Defendant denies the allegations in paragraph 8 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## THE PARTIES

9. Paragraph 9 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that Plaintiff is relying on any documents, such documents speak for themselves. To the extent that paragraph 9 contains any averment of fact, Defendant denies the allegations in paragraph 9 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Paragraph 10 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 10 contains any averment of fact, Defendant denies the allegations in paragraph 10 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

## BACKGROUND

12. Defendant admits that each of the debtors filed voluntary Chapter 7 petition on February 23, 2023. The remaining allegations in Paragraph 12 of the Complaint state a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 12 contains

3

any averment of fact, Defendant denies the allegations in paragraph 12 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that Plaintiff relies on documents, such documents speak for themselves.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Paragraph 16 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 16 contains any averment of fact, Defendant denies the allegations in paragraph 16 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Defendant denies the allegations in paragraph 17 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that Plaintiff relies on documents, such documents speak for themselves.

18. Defendant denies the allegations in paragraph 18 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that Plaintiff relies on documents, such documents speak for themselves.

19. Paragraph 19 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that Paragraph 19 of the Complaint contains any averments of fact, Defendant denies the allegations in paragraph 19 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     Paragraph 20 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 20 contains any averment of fact, Defendant denies the allegations in paragraph 20 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     Paragraph 21 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 21 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     Defendant admits that the amounts cited in paragraph 22 of the Complaint accurately reflect the Debtors' scheduled assets and liabilities. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and so denies those allegations.

23.     Defendant admits that on November 26, 2024, the Trustee filed the *Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's First Distribution to Holders of General Unsecured Claims* [D.I. 1000]. Defendant further admits that on December 16, 2024, the Court entered the *Order Granting Motion of George L. Miller, Chapter 7 Trustee for an Order Authorizing Trustee's First Distribution to Holders of General Unsecured Claims*, D.I. 1023. Defendant denies the allegations in paragraph 23 of the Complaint to the extent they are inconsistent with these two documents. To the extent that paragraph 23 contains any further averments of fact, Defendant denies those allegations as Defendant lacks knowledge or information sufficient to form a belief as to their truth.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

25. Defendant reincorporates by reference its responses to paragraphs 1-24 as if fully set forth herein.

26. Paragraph 26 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 26 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Paragraph 27 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 27 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

28. Paragraph 28 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 28 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

29. Paragraph 29 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 29 contains any averment of fact, Defendant denies the allegations in paragraph 29 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Paragraph 30 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 30 contains any averment of fact, Defendant denies the allegations in paragraph 30 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

31. Paragraph 31 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 31 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32. Paragraph 32 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 32 contains any averment of fact, Defendant denies the allegations in paragraph 32 of the Complaint as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Paragraph 33 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 33 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35. Paragraph 35 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 35 contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## COUNT II

**(Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))**

36. Defendant reincorporates by reference its responses to paragraphs 1-35 as if fully set forth herein.

37. Paragraph 37 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37 contains any averment of fact, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same.

   a. Paragraph 37(a) of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37(a) contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37(a) and therefore denies the same.

   b. Paragraph 37(b) of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37(b) contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37(b) and therefore denies the same.

   c. Paragraph 37(c) of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37(c) contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37(c) and therefore denies the same.

   d. Paragraph 37(d) of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37(d) contains any averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37(d) and therefore denies the same.

   e. Paragraph 37(e) of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 37(e) contains any

averment of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37(e) and therefore denies the same.

38. Paragraph 38 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 38 of the complaint contains any averments of fact, Defendant denies the allegations in paragraph 38 of the Complaint.

## COUNT III

### (Recovery of Property – 11 U.S.C. § 550)

39. Defendant reincorporates by reference its responses to paragraphs 1-38 as if fully set forth herein.

40. Paragraph 40 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 40 of the complaint contains any averments of fact, Defendant denies the allegations in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 41 of the complaint contains any averments of fact, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42. Paragraph 42 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 42 contains any averments of fact, Defendant denies the allegations in paragraph 42 of the Complaint.

## COUNT IV

### (Disallowance of Claims – 11 U.S.C. § 502)

43. Defendant reincorporates by reference its responses to paragraphs 1-42 as if fully set forth herein.

44. Paragraph 44 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 44 contains any averment of fact, Defendant denies the allegations in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 45 contains any averment of fact, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46. Paragraph 46 of the Complaint states a conclusion, or conclusions, of law to which no answer is required. To the extent that paragraph 46 contains any averment of fact, Defendant denies the allegations in paragraph 46 of the Complaint. Defendant further denies that the Trustee is entitled to any of the relief requested.

## DEFENSES

Defendant reserves the right to rely on any defenses supported by evidence revealed through discovery or at trial, including, without limitation, the following:

### AND AS FOR A FIRST DEFENSE

1. The Complaint is a mere formulaic recitation of the elements of causes of action for avoidance and recovery under sections 502, 547, 548, and 550 of the Bankruptcy Code and is thus insufficiently pled under Rule 8(a) of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to this proceeding by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### AND AS FOR A SECOND DEFENSE

2. The Complaint fails to state a cause of action upon which relief can be granted, and, accordingly, should be dismissed pursuant to Civil Rule 12(b)(6), made applicable to this proceeding through Bankruptcy Rule 7012.

### AND AS FOR A THIRD DEFENSE

3.      The Transfers from the Debtor to Defendant are not avoidable to the extent such transfers were not on account of antecedent debts as required by section 547(b)(2) of the Bankruptcy Code.

### AND AS FOR A FOURTH DEFENSE

4.      The Transfers from the Debtor to Defendant are not avoidable to the extent such transfers were not made while the Debtor was insolvent as required by section 547(b)(3) of the Bankruptcy Code.

### AND AS FOR A FIFTH DEFENSE

5.      The Transfers from the Debtor to Defendant are not avoidable to the extent such transfers were not made on or within 90 days before the Order of Relief or the Voluntary Petition Date, as applicable, as required by section 547(b)(4) of the Bankruptcy Code.

### AND AS FOR A SIXTH DEFENSE

6.      The Transfers from the Debtor to Defendant are not avoidable to the extent such transfers did not allow Defendant to receive more than it would receive if the Debtor's case was a chapter 7 case as required by section 547(b)(5) of the Bankruptcy Code.

### AND AS FOR A SEVENTH DEFENSE

7.      Pursuant to section 547(c)(1) of the Bankruptcy Code, the Transfers from the Debtor to Defendant are not avoidable to the extent they: (a) were intended by the Debtor and Defendant to be contemporaneous exchanges for new value given to the Debtor; and (b) were, in fact, substantially contemporaneous exchanges.

### AND AS FOR AN EIGHTH DEFENSE

8.      Pursuant to section 547(c)(2) of the Bankruptcy Code, the Transfers from the Debtor to Defendant are not avoidable to the extent they were: (a) in payment of debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; and

(b) made in the ordinary course of business or financial affairs of the Debtor and Defendant and/or made according to ordinary business terms.

### AND AS FOR A NINTH DEFENSE

9. Pursuant to section 547(c)(4) of the Bankruptcy Code, the Transfers from the Debtor to Defendant are not avoidable to the extent that, in return for such Transfers, Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest.

### AND AS FOR A TENTH DEFENSE

10. Pursuant to section 547(c)(5) of the Bankruptcy Code, the Transfers from the Debtor to the Defendant are not avoidable to the extent that they created a perfected security interest in inventory or a receivable, or the proceeds of either.

### AND AS FOR AN ELEVENTH DEFENSE

11. The Transfers from the Debtor to Defendant are not avoidable to the extent that Defendant was not an initial, immediate or mediate transferee of an avoidable transfer within the meaning of section 550(a) of the Bankruptcy Code.

### AND AS FOR A TWELFTH DEFENSE

12. Defendant's Claims against the Debtor cannot be disallowed under section 502(d) of the Bankruptcy Code because Defendant is not an entity from which a transfer may be avoided under section 547 and recovered under section 550.

### AND AS FOR A THIRTEENTH DEFENSE

13. Plaintiff is not entitled to recover interest and costs.

### AND AS FOR A FOURTEENTH DEFENSE

14. Pursuant to section 547(b)(1) of the Bankruptcy Code, the Transfers from the Debtor to the Defendant are not avoidable to the extent that they were not made to or for the benefit of a creditor.

**AND AS FOR A FIFTEENTH DEFENSE**

15. The Transfers from the Debtors to the Defendant were taken for value, in good faith, and without the Defendant's knowledge of the voidability of the Transfers; therefore, the Plaintiff may not recover the Transfer from the Defendant pursuant to section 550(b) of the Bankruptcy Code.

**AND AS FOR A SIXTEENTH DEFENSE**

16. The Defendant denies generally the claims and allegations asserted in the Complaint, and specifically denies all averments made by the Plaintiff, except those specifically admitted.

**STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7008 AND LOCAL RULE 7008-1**

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Rule 7008-1 of the United States Bankruptcy Court for the District of Delaware, Defendant states that it consents to this Court's entry of final orders in this case should it be later determined that the Court may not enter final orders or judgment consistent with Article III of the United States Constitution without the consent of all parties concerned.

WHEREFORE, Defendant, by counsel, denies that the Plaintiff is entitled to judgment in any amount and respectfully requests this Court to enter an Order dismissing the Complaint with prejudice and awarding Defendant such other and further relief as the Court deems appropriate and just, including reasonable attorney fees and costs incurred in connection with the Complaint.

Date: July 17, 2025

Respectfully submitted,

/s/    DRAFT
David A. Felice (#4090)
BAILEY & GLASSER, LLP
2961 Centerville Rd., Ste. 302

Wilmington, DE 19808
(302) 504-6333
dfelice@baileyglasser.com

Jonathan L. Gold (*pro hac vice* forthcoming)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, D.C. 20007
(202) 462-2101
jgold@baileyglasser.com

*Counsel for WestRock Company*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on the below date, a copy of the foregoing was e-filed and served in accordance with ECF procedures, on all counsel of record, in the above-captioned matter.

Date: July 17, 2025

Respectfully submitted,

/s/      DRAFT
David A. Felice (#4090)
BAILEY & GLASSER, LLP
2961 Centerville Rd., Ste. 302
Wilmington, DE 19808
(302) 504-6333
dfelice@baileyglasser.com

Jonathan L. Gold (*pro hac vice* forthcoming)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, D.C. 20007
(202) 462-2101

*Counsel for WestRock Company*